ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 8 2007
```

UMG RECORDINGS, INC., et al.,
                    Plaintiff

    -against-                                No. 06 Civ. 4435 (LTS)(THK)

DORA FRANCIS,
                    Defendant.

---

## MEMORANDUM OPINION AND ORDER

Plaintiff recording companies ("Plaintiffs"), who are copyright owners or licensees of certain sound recordings, bring this action pursuant to the Copyright Act (17 U.S.C. §§ 101, 106, 501-505), alleging that Defendant Dora Francis ("Defendant" or "Francis") used, without the permission or consent of the Plaintiffs, an online media peer-to-peer distribution system to illegally download and distribute their sound recordings to others. Plaintiffs are seeking an award of statutory damages under 17 U.S.C. § 504(c) for each infringement of their sound recordings, injunctive relief under 17 U.S.C. § 502, and costs under 17 U.S.C. § 505. Plaintiffs move pursuant to Federal Rules of Civil Procedure 36(a) and 56(c) to have their requests for admissions to Defendant deemed admitted[1] and for summary judgment. Defendant has not opposed Plaintiffs'

---

[1] On August 28, 2006, the undersigned referred this case to Magistrate Judge Theodore Katz for general pretrial management. On December 18, 2006, the Plaintiffs served their first set of requests for admissions on the Defendant, and on December 22, 2006, they served their second set of requests for admissions on the Defendant. (Decl. of Kathrin H. Weston in Support of Plaintiffs' Motion ("Weston Decl.") ¶¶ 4-5.) On March 1, 2007, the Plaintiffs wrote a letter to Judge Katz (a copy of which was sent to the Defendant) asking for an extension of time to take the Defendant's deposition. In their letter, they explained that the Defendant had not in any way responded to the Plaintiffs' discovery requests, despite those requests being served in December of 2006, and despite a letter being sent to Plaintiff on February 22, 2007, reminding her that her responses were overdue. The Plaintiffs' letter also indicated that if the Defendant failed to respond to their requests by March 8, 2007,

Copies mailed Pro Se Deft. + counsel for Plaintiffs
Chambers of Judge Swain  8.28.07

motion. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rules of Civil Procedure 52 and 65, insofar as it addresses Plaintiffs' request for injunctive relief. For the reasons that follow, Plaintiffs' motions are granted in part and denied in part.

## BACKGROUND

The general background of this matter, and the Court's findings as to the factual issues material to its determination of the pending motion for injunctive relief, are as follows. The Court's findings are drawn from the undisputed factual record which includes, by reason of Defendant's failure to respond to the Requests for Admissions, her deemed admissions of each of the requests. See Fed. R. Civ. P. 36. On July 8, 2004, MediaSentry, an investigator for the Plaintiffs, detected an individual using the screen name shellz181@KaZaA at a certain Internet Protocol ("IP") address engaged in the distribution of some 511 sound recordings, of which 17 were Plaintiffs' copyrighted sound recordings. Plaintiffs obtained a federal subpoena, and Defendant's Internet Service Provider, America Online, identified the IP address as being registered to the Defendant.

---

they intended to ask for an Order compelling her responses, or to request that the Court deem Plaintiffs' requests for admission admitted. Judge Katz extended the deposition deadline, and provided the following direction to the Defendant: "[Defendant] is hereby advised that if she fails to respond to plaintiff's discovery requests by March 12, 2007, Plaintiff's Requests for Admissions will be deemed admitted." See docket entry 13 (Judge Katz's memo endorsement mistakenly stated that "Plaintiff" was advised of her obligation to comply with the discovery requests. However, it is clear from the context of the Plaintiffs' letter and the rest of Judge Katz's memo endorsement that this direction was written to the Defendant). The Defendant failed to respond to Plaintiffs' discovery requests, including their requests for admissions.

On June 13, 2006, the Plaintiffs filed this action for damages and injunctive relief. On August 16, 2006, Defendant filed a document, which was a form affidavit she filled in. See docket entry 6. She styled her filing as an affidavit in opposition to the Plaintiffs' June 13, 2006 "motion." In her affidavit, the Defendant asserted that her two minor sons had downloaded the contested songs from a free website for their own personal use, not "for distribution." Defendant has made no further filings or appearances in this case, and, as explained above in footnote 1, is deemed to have admitted the matters set forth in Plaintiffs' requests for admissions.

The Defendant has admitted that the Plaintiffs' own valid copyrights in the sound recordings at issue. See First Set of Requests for Admissions (Exhibit A to Weston Decl.), requests 14-21; Second Set of Requests for Admissions (Exhibit B to Weston Decl.), requests 33-40). It is uncontested that each of the copyrighted recordings at issue is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to one of the record company Plaintiffs. The Defendant has also admitted that she used an online media distribution system to download the sound recordings, resulting in the creation of unauthorized copies of each of them, and that she did so without the permission or authorization of the Plaintiffs. See First Set of Requests for Admissions 12-13, 24-25; and Second Set of Requests for Admissions 31-32, 41-42, 44. Further, she has admitted that she distributed the recordings to others by placing them in her shared folder, which made them available to millions of other users. See First Set of Requests for Admissions 9, 10, 24 and 28; and Second Set of Requests for Admissions 43, 46-48.

## DISCUSSION

Defendant has failed to oppose or in any way respond to the Plaintiffs' motions. Summary judgment is required when "there is no genuine issue as to any material fact and . . . the

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Even where a non-moving party fails to respond to a motion for summary judgment, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks and citations omitted).

The Copyright Act grants a copyright owner of a sound recording a variety of rights, including the exclusive rights to "reproduce the copyrighted work" and "distribute copies . . . of the copyrighted work." 17 U.S.C. § 106. To succeed on a claim that these rights have been infringed, a plaintiff must demonstrate two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Serv., Inc., 499 U.S. 340, 361 (1991) (citations omitted); see also Arica Institute, Inc. v. Palmer, 970 F.2d 1067, 1072 (2d Cir.1992).

Regarding copying, "plaintiff[s] must first show that [their] work was actually copied ... [and] then must show that the copying amounts to an 'improper' or 'unlawful' appropriation." Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139-40 (2d Cir. 1992) (citations omitted). As other courts in this district have noted, "the use of [peer to peer distribution systems, such as the one at issue here,] to download and distribute copyrighted music has been held to constitute copyright infringement." Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004) (citing to cases in the 9th and 7th Circuits). The Supreme Court has noted, in holding liable for the infringement of users the developers of the peer-to-peer sharing software, that "billions of

files are shared across peer-to-peer networks each month," and that this software has been mostly used to "share copyrighted music and video files without authorization." Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, 545 U.S. 913, 913 (2005). Further, the Defendant herself has admitted that she willfully infringed the copyright in each sound recording. See First Set of Requests for Admissions 23, and Second Set of Requests for Admissions 42. Accordingly, in light of Defendant's admissions in this case, there are no genuine issues of material fact regarding the Plaintiffs' claim of copyright infringement, and they are entitled to summary judgment as a matter of law.

Statutory Damages

Plaintiffs seek an award of minimum statutory damages in connection with their copyright infringement claims. Generally, a copyright owner who has established infringement is entitled to recover the actual damages he or she suffered and any profits made by the infringer. See 17 U.S.C. § 504(b). Alternatively, an owner may elect to recover statutory damages under § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred. The statutory damages may range from $750.00 to $30,000.00 per work. 17 U.S.C. § 504 (c)(1).

Plaintiffs here seek the minimum damages of $750.00 per each of the 17 sound recordings at issue, for a total of $12,750.00. The Court awards statutory damages in this amount.

Injunctive Relief

Plaintiffs also seek a permanent injunction against the Defendant, enjoining her from:

> directly or indirectly infringing Plaintiff's rights under federal or state law in the

>Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant had downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Compl., ¶ 17.

Plaintiffs argue that such a broad injunction is necessary in this case, as it is warranted by the "ease, scope and history" of the Defendants's infringement, as she downloaded and distributed over 511 sound recordings and her use of the peer to peer network has resulted in the recordings distribution to innumerable other people. The Court finds that the requested injunction is warranted.

Filing Costs

Finally, the Plaintiffs also seek, as costs of their suit, their $350.00 filing fee based on their status as the prevailing party and Section 505 of the Copyright Act, which expressly authorizes recovery of "full costs." Their request is granted.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion pursuant to Federal Rules of Civil Procedure 36(a) and 56(c) to have their requests for admissions to Defendant deemed admitted and for summary judgment is granted. Plaintiffs' requests for an award of statutory damages under 17

U.S.C. § 504(c) for each infringement of their sound recordings, and for costs under 17 U.S.C. § 505, are also granted. Plaintiffs are hereby awarded $12,750.00 as statutory damages plus $350.00 as costs, for a total of $13,100.00.

Plaintiffs' request for injunctive relief under 17 U.S.C. § 502 is also granted. Defendant, her agents, servants and employees, and all persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, are hereby permanently enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant had downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

The Clerk of Court is respectfully requested to enter judgment and to close this case.

SO ORDERED.

Dated: New York, New York
August 28, 2007

LAURA TAYLOR SWAIN
United States District Judge